IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CATHERINE A. MATHEWS,

                Plaintiff,                    ORDER

v.

                                        18-cv-046-wmc

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,

                Defendant.

---

The court is in receipt of defendant The Northwestern Mutual Life Insurance Company's unopposed motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. #39.) The court initially delayed ruling on this motion because defendant represented in the motion that the parties were in the process of finalizing a settlement, and that if the parties were unable to reach a final resolution, they "anticipate[d] stipulation and agreement to the amount of short-term disability benefits for the judgment within 14 days" (*id.* ¶ 4), but that deadline has passed without further submissions. As such, the court will take up the merits of the motion.

Defendant contends that the court should vacate the judgment entered in this case on November 4, 2019, because the judgment "does not specify the amount or specific computation of any monetary award to Plaintiff," and, therefore "is not final or appealable under 28 U.S.C. § 1291." (*Id.* ¶ 5.) In support, defendant cites to cases where the courts have held that judgment in a "suit for monetary relief that ends in victory for the plaintiff" is not final "if it failed to specify either the amount of money due the plaintiff or a formula by which that amount of money could be computed in a mechanical fashion." *Buchanan v.*

*United States*, 82 F.3d 706, 706 (7th Cir. 1996). Here, however, plaintiff's claim arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. The civil action provision of ERISA specifically authorizes an injunction or "other equitable relief" to address violations or enforce provisions of the plan, but does not provide a claim money damages. 29 U.S.C. § 1132(a)(3); *see also Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209–10 (2002). As such, the cases cited by defendant are inapposite.

In entering a judgment that defendant violated ERISA in denying plaintiff short-term disability and directing defendant to award plaintiff benefits consistent with the plan issues to plaintiff's employer, the court provided the relief allowed under ERISA. There is nothing more to be done. As defendant acknowledges, the formula for calculating benefits is in the plan itself, and defendant should have access to plaintiff's predisability earnings as part of its normal course of business to make this calculation. Of course, either party may return to the court for enforcement of the judgment should the other side fail to act timely and in good faith, consistent with their respective obligations under the plan, but this does not make the court's judgment in this case any less final.

Accordingly, IT IS ORDERED that defendant's Rule 59(e) motion (dkt. #39) is DENIED.

Entered this 19th day of December, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge